IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CATERPILLAR FINANCIAL**
**SERVICES CORPORATION**                                                                **PLAINTIFF**

V.                                                        CIVIL ACTION NO. 1:23cv86 TBM-RPM

**AFFORDABLE FENCE, INC.**                                                                **DEFENDANT**

**CATERPILLAR FINANCIAL SERVICES CORPORATION'S
MOTION FOR DEFAULT JUDGMENT**

COMES NOW Caterpillar Financial Services Corporation ("Cat Financial"), and files this Motion for Default Judgment, in accordance with Rule 55 of the Federal Rules of Civil Procedure. In support thereof, Cat Financial states the following:

1. Cat Financial filed its Complaint on April 3, 2023, against Affordable Fence, Inc. ("Defendant") as a result of Defendant's failure to make timely payments as required under the terms of a series of Contracts, including four separate Installment Contracts and three separate Lease Agreements [Dkt. No. 1, ¶¶ 7-20].

2. The Complaint identified a sum certain that was owed, in compliance with Fed R. Civ. P. 55(b), as well as the method for calculating the accrual of additional indebtedness.

3. On April 12, 2023, the Cat Financial caused the Defendant to be served with process in accordance with Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure, by having a process server personally deliver copies of the Summons in a Civil Action [Dkt. No. 2] (the "Summons"), together with a copy of the Complaint, to the Defendant when it was found at 1427 Magnolia Street, Gulfport, Mississippi. [*See* Dkt. No. 3].

4. Based on the date of service of process and pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant was required to plead or otherwise defend against the Complaint no later than May 3, 2023.

5. Defendant failed to plead or otherwise defend against the Complaint within twenty-one (21) days of being served with process. Accordingly, Plaintiff filed its Application for Clerk's Entry of Default [Dkt. No. 4].

6. The Clerk of Court entered its Clerk's Entry of Default against Defendant on May 4, 2023 [Dkt. No. 5].

7. After the Entry of Default against Defendant was duly entered and docketed by the Clerk of this Court, Defendant Julie Stevison filed a Motion for Extension of Time to File Answer [Dkt. No. 6] seeking "additional time to respond both individually and on behalf of the corporate Defendant Affordable Fence, Inc." [Dkt. No. 8].

8. On June 6, 2023, the Court issued two Orders to Show Cause directing Defendant Affordable Fence, Inc., and Defendant Julie Stevison to obtain counsel by July 6, 2023 [Dkt. Nos. 7, 8].

9. On July 6, 2023, Defendant filed a second Motion for Extension of Time, requesting that the Court grant it additional time to obtain counsel [Dkt. No. 9].

10. On July 11, 2023 the Court granted Defendant's Motion and ordered "that Defendant Affordable Fence, Inc shall have until August 11, 2023, to obtain counsel." [Dkt. No. 10]. In the Court's Order, Defendant was expressly "cautioned that failure to obtain counsel within the time permitted may result in entry of default judgment against it." [Dkt. No. 10].

11. As of the date of filing this Motion, Defendant has failed to plead or otherwise defend against the Complaint.

12. Pursuant to Fed. R. Civ. P. 55(b)(1), the Court is authorized to enter a Default Judgment where: (1) Defendant has failed to plead or otherwise defend, and (2) Plaintiff is seeking a sum certain, which is precisely the circumstance here.

13. Defendant is currently in default for principal and interest in the amount of $786,270.99. That amount is calculated based on the amount owed at the time the Complaint was filed, including the per diem currently due and owing [*See* Dkt. No. 1 at ¶ 43].

14. In addition, Plaintiff is entitled to its fees and expenses. At the time of the filing of this Motion, the amount of those fees and expenses was $4,888.56.[1]

15. Cat Financial respectfully requests leave to update the amounts, based on the per diems set forth in the Complaint, as well as the attorney's fees it continues to incur.

16. Cat Financial further requests that the judgment compel Defendant to, within seven (7) business days, return to Cat Financial the following Equipment: (1) Caterpillar Mini Hydraulic Excavator, Serial Number JWY08050; (2) Caterpillar Compact Track Loader, Serial Number FTL17003; (3) Non-Caterpillar Stump Grinder, Serial Number 121844; (4) Caterpillar Compact Track Loader, Serial Number JX906393; (5) Non-Caterpillar Mulcher, Serial Number DAF-150D0280521; and (6) Caterpillar Compact Track Loader, Serial Number CW914932 [*See* Dkt. No. 1, Exhibits A, C, D, G] (the "Equipment"), or to otherwise make the Equipment available to Cat Financial to repossess.

17. After said Equipment is returned to Cat Financial, it will attempt to sell the Equipment in a commercially reasonable fashion, and once said sale is completed, it will provide Defendant a credit on any judgment. Cat Financial requests the return of the Equipment, in addition to the money judgment, because: (a) the Contract allows Cat Financial to repossess the

---

[1] Undersigned counsel, as an officer of the Court, asks that this amount be accepted. If, however, the Court requires that undersigned counsel separately submit a declaration, Counsel seeks leave to do so prior to judgment.

4887-0269-8616

Equipment, but Defendant has not returned the Equipment, (b) Cat Financial has a lien on the Equipment precisely to secure this indebtedness, and (c) the Equipment is one of the ways (and in fact, the primary way) in which Cat Financial would otherwise levy on the judgment.

Respectfully submitted, this the 17th day of August, 2023.

                                                  CATERPILLAR FINANCIAL SERVICES CORPORATION

                                                By Its Attorneys,

                                                BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

                                                BY:   */s/ Conner Whitten*
                                                              CONNER G. WHITTEN

**OF COUNSEL:**

D. Sterling Kidd (MS Bar No. 103670)
Conner G. Whitten (MS Bar No. 106351)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone: (601) 351-8932
Facsimile: (601) 974-8932
skidd@bakerdonelson.com
cwhitten@bakerdonelson.com

4887-0269-8616

## CERTIFICATE OF SERVICE

  I hereby certify that I have on this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record. I further certify that on this day I caused a true and correct copy of the foregoing document to be mailed via U.S. Mail, first class postage prepaid, to:

Julie Stevison
17012 Sago Dr.
Biloxi, MS 39540

THIS, the 17th day of August, 2023.

                 */s/ Conner Whitten*
                 CONNER G. WHITTEN

4887-0269-8616